STATE NAT. BANK OF BOSTON (MERCHANTS' NAT. BANK OF BOSTON v.). See Cases Nos. 9,448 and 9,449.

STATE NAT. BANK OF KEOKUK (PITTSBURGH LOCOMOTIVE & CAR WORKS v.). See Case No. 11,198.

STATE NAT. BANK OF MINNEAPOLIS (CANFIELD v.). See Case No. 2,382.

---

## Case No. 13,325.

STATE NAT. BANK OF MINNEAPOLIS v. MORRISON.

[1 McCrary, 204.] [1]

Circuit Court, D. Minnesota. Dec., 1874.

INTERNAL REVENUE—INCOME OF NATIONAL BANKS —DISTRE. S.

The act of congress of July 14, 1870 (16 Stat. 260, 261, §§ 15, 17), imposes taxes upon the income and profits of national banks for 1870; and if the bank refuses to pay such taxes duly assessed upon notice and demand, the collector or deputy collector may, as authorized by act of congress (16 Stat. 101, 106), distrain therefor.

[This was an action by the State National Bank of Minneapolis against H. G. O. Morrison to recover the amount of taxes alleged to have been illegally exacted.]

Lochren, McNair & Gilfillan, for plaintiff.
W. B. Bellson, Dist. Atty., for defendant.

Before DILLON, Circuit Judge, and NELSON, District Judge.

NELSON, District Judge. This is an action brought against the defendant, a deputy collector of internal revenue, in 1871, to recover the amount seized by him in satisfaction of taxes accrued upon the increase, earn-

ings and profits of the plaintiff for the year 1870. The stipulation of facts submitted to the court trying the case without a jury by virtue of the consent of parties properly entered into, and filed of record, shows that the amount of income, earnings and profits of the plaintiff for the first and second six months of the year 1870, was obtained by an examination of the cashier of the plaintiff under a summons issued by the assessor, and that the tax, with fifty per cent. penalty, amounted to the principal sum claimed in the complaint. That the plaintiff refused to render any list or return of the amount of its earnings, income and profits, either as dividends due and payable, or undistributed sums in excess of dividends added to its surplus, or profits of any sort, for the year 1870; and that after the examination and disclosure of the cashier, the assessor returned to the collector the amount of the plaintiff's earnings for the year 1870, and the tax at the rate of five per cent. upon all earnings, income and profits for the time embraced between January 1, 1870, and June 30, 1870, and at the rate of two and one-half per cent. upon all income, earnings and profits for the time embraced between July 1, 1870, and December 31, 1870; that the collector demanded payment of the taxes assessed against the plaintiff, which was refused, and on March 18, 1872, a warrant was issued by the collector of internal revenue for the Second district of Minnesota, to the defendant, the deputy collector, commanding him to distrain upon the goods and chattels, and effects of the plaintiff, the amount of the tax and penalty. That the defendant was threatening to distrain, and was proceeding so to do, when the plaintiff by its cashier placed the amount of the tax and penalty claimed upon the counter of the plaintiff's bank, before the defendant, but protested against the defendant's taking it, claiming that the tax and penalties were illegal, and notified the defendant that suit would be brought against him for the amount. The defendant took the money, and this suit was commenced in the district court of the state for the county of Hennepin, and removed to the circuit court of the United States under the provisions of the act of congress.

The defendant is entitled to judgment upon the undisputed facts in the case. The fifteenth and seventeenth sections of the act of congress of July 14, 1870 (16 Stat. 260, 261), imposed taxes upon the earnings, income and profits of the plaintiff for the year 1870. These taxes the plaintiff refused to pay after due notice and demand, and the collector very properly, under the authority vested in him by the act of congress (14 Stat. 101, 106), proceeded to distrain for the same, when they were paid under protest. The defendant, as a deputy collector duly appointed, was authorized to execute the warrant addressed to him, and to receive the amount of the taxes.

Judgment will be entered in favor of the defendant, with costs. Judgment accordingly.

---

[1] [Reported by Hon. Geo. W. McCrary, Circuit Judge, and here reprinted by permission.]